UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ESTEBAN GARCIA PACHECO, *et al.*,<br><br>Defendants. | Case No.: 18-cv-00462-BTM-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES**<br><br>**[ECF No. 13]** |

Before the Court is Plaintiff G & G Closed Circuit Events, LLC's motion for costs and attorney's fees. (ECF No. 13.) For the reasons discussed below, the Court **grants** Plaintiff's motion.

## **BACKGROUND**

On March 2, 2018, Plaintiff, an international distributor of sports and entertainment programming, initiated this action against Defendants Esteban Garcia Pacheco, individually and d/b/a Birrieria El Primo a/k/a El Primo Birrieria, and Alina Santamaria, individually and d/b/a Birrieria El Primo a/k/a El Primo Birrieria, for their alleged unauthorized and unlawful inteception and exhibition of Plaintiff's sports and entertainment programing at Defendants' commercial establishment, Birrieria El Primo a/k/a El Primo Birrieria. (ECF No. 1.) In its

complaint, Plaintiff asserted causes of action against Defendants for alleged violations of 47 U.S.C. § 553, 47 U.S.C. § 605, and Cal. Bus. & Prof. § 17200, *et seq.*, and for conversion. (*Id.*) Defendants were served on April 17, 2018 (ECF Nos. 4-5), but nevertheless failed to appear or respond to the complaint.

On June 4, 2018, Plaintiffs moved for the entry of default against Defendants by the Clerk. (ECF No. 6.) The Clerk entered default against Defendants the following day. (ECF No. 7.) On August 8, 2018, Plaintiff moved for default judgment against Defendants and requested leave to file a motion for costs and attorney's fees. (ECF No. 10.) On March 26, 2019, the Court granted Plaintiff's motion for default judgment as to all causes of action asserted as well as leave to file a motion for costs and attorney's fees. (ECF No. 11.) The Clerk entered default judgment in favor of Plaintiff and against Defendants the following day. (ECF No. 12.) On April 10, 2019, Plaintiff filed its present motion for costs and attorney's fees. (ECF No. 13.) Defendants have not filed any opposition to the present motion or otherwise appeared in this action.

## **DISCUSSION**

In its present motion, Plaintiff seeks an award of costs in the amount of $2,519.83 and attorney's fees in the amount of $3,007.00. (ECF No. 13-1, at 5.) Plaintiff argues it is entitled to this award because 47 U.S.C. § 605 requires courts to award costs and attorney's fees to a prevailing aggrieved party. (*Id.* at 2.) Plaintiff further argues it is an "aggrieved party" under Section 605 because it "had the exclusive nationwide distribution rights to" the intercepted programming. (*Id.* at 2-3 (citing ECF No. 10-4, ¶ 3); *see also* ECF No. 10-4 ¶ 4 & Ex. 1 (closed-circuit television license agreement for the intercepted programming).) The Court agrees on both points. *See* 47 U.S.C. § 605(d)(6) ("[T]he term 'any person aggrieved' shall include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming . . . ."); 47 U.S.C. § 605(e)(3)(B)(iii) ("The court-- . . . shall direct the

recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.").

In support of its request for an award of costs and attorney's fees, Plaintiff filed a declaration of counsel, an itemized list of costs and attorney's fees incurred in this matter, as well as other relevant documentary evidence. (ECF No. 13-2.) Plaintiff's costs include investigative expenses ($1,935.00), process server fees ($184.83), and filing fees ($400.00). (*Id.* at ¶¶ 2, 9, 10 & Exs. 1–3.). Given all costs for which reimbursement is sought by Plaintiff appear to be necessary to the proper prosecution of this action and Section 605's requirement that courts "direct the recovery of *full* costs" to the prevailing party, 47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added), the Court concludes that these costs are recoverable.

Before awarding Plaintiff its attorney's fees, however, the Court must determine the reasonableness of such fees. 47 U.S.C. § 605(e)(3)(B)(iii). To do so, the Court will "apply the 'lodestar' method to determine what constitutes a reasonable attorney's fee . . . . then adjust the lodestar upward or downward based on a variety of factors."[1] Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotations, citations, and alterations omitted). "Under the

---

[1] The factors that may be considered by the Court include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." Gonzalez, 729 F.3d at 1209 n.11 (citations omitted). "However, if [the Court] has taken any of these factors into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation, then it should not again reduce the lodestar." *Id.* (internal quotation marks and citations omitted).

lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate" to arrive at the "lodestar figure." *Id.* (internal quotations and citations omitted). In doing so, the Court "may conduct an hour-by-hour analysis of the fee request, and exclude those hours for which it would be unreasonable to compensate the prevailing party[,]" because, for example, they are "excessive, redundant, or otherwise unnecessary." *Id.* at 1203 (internal quotations and citations omitted). The reasonable hourly rate is based upon the "prevailing market rates in the relevant community," taking into consideration "the experience, skill, and reputation of the attorney or paralegal." *Id.* at 1205-06 (internal quotations and citations omitted).

Here, counsel for Plaintiff attests that his administrative assistant billed 7.32 hours at a rate of $100.00 per hour, his research attorney billed 4.5 hours at a rate of $300.00 per hour, and he billed 1.85 hours at a rate of $500.00 per hour, for a total attorney's fee incurred of $3,007.00 on 13.67 billable hours, for a blended hourly rate of approximately $219.97 per hour. (ECF No. 13-2 at ¶¶ 2, 6, 8 & Ex. 1.) Upon review of the detailed hourly billing records (*id.* at Ex. 1), the Court is satisfied that all 13.67 billable hours for which reimbursement is sought were reasonably necessary to the proper prosecution of this action. Further, the Court is satisfied that the blended hourly billing rate of $219.97 is reasonable for this geographic area in light of counsel's experience, reputation, and abilities. (*See id.* at ¶¶ 3-5.) Moreover, the Court concludes that no adjustment is necessary to the lodestar figure given that many of the relevant factors are neutral on the facts of this matter and the lodestar figure is commensurate with the attorney's fees awards in similar cases in this District. *See, e.g.*, *G & G Closed Circuit Events, LLC v. Beltran, et al.*, 3:18-cv-02099-CAB-LL, ECF No. 13 (S.D. Cal. Mar. 1, 2019) ($3,143.32 for 14.43 hours); *G & G Closed Circuit Events, LLC v. Sanchez, et al.*, 3:18-cv-02096-WQH-KSC, ECF No. 17 (S.D. Cal. May 6, 2019) (awarding $2,752.00 for 12.92 hours of legal work); *J & J Sports Prods., Inc. v. Paz-Padilla,*

*et al.*, No. 3:12-cv-02228-GPC-WMC, ECF No. 18 (S.D. Cal. 2013) ($2,448.75 for 13.9 hours). Accordingly, the Court concludes that an award of $3,007.00 in attorney's fees to Plaintiff is reasonable and warranted.

### **CONCLUSION**

For the reasons discussed above, Plaintiff's motion for costs and attorney's fees (ECF No. 13) is **GRANTED** and the Court awards Plaintiff $3,007.00 in attorney's fees and $2,519.83 in costs against Defendants.

**IT IS SO ORDERED**.

Dated July 25, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge